THE STATE OF NEW JERSEY, PLAINTIFF, v. JAMES J.
DONOVAN, DANIEL J. SWEENEY AND CORNELIUS J.
O'NEILL, DEFENDANTS.

Submitted January 19, 1943—Decided April 9, 1943.

Before Justices CASE, DONGES and COLIE.

For the defendants, *John Warren* (*Bernard A. Green,* of
counsel), *Maurice A. Cohen,* of counsel with defendant
Cornelius J. O'Neill.

For the state, *Frank G. Schlosser,* Second Assistant Prose-
cutor of the Pleas in and for the County of Hudson.

The opinion of the court was delivered by

COLIE, J.   The defendants, James J. Donovan, Daniel J.
Sweeney and Cornelius J. O'Neill were allowed a writ of
*certiorari* to test the legality of an indictment against them
on the ground, among others, that their indictments were
brought about by the illegal activities of political forces operat-
ing with the Prosecutor of the Pleas of Hudson County.   To
obtain evidence in support of this attack, the defendants sub-
poenaed Daniel T. O'Regan, Prosecutor of the Pleas of Hud-
son County.   Counsel for the defendants undertook to examine
the Prosecutor of the Pleas on such matters as his conversa-
tions with the foreman of the grand jury; his activity or lack
of activity in investigating the personnel of the Val O'Farrell
Detective Agency, which latter agency apparently conducted
the investigation which led up to the indictments under

attack; his knowledge of the contents of certain newspaper articles published in newspapers in the City of New York over the period from 1931 to 1939 and other matters which, on examination, we find to be immaterial, irrelevant and, in some cases, privileged.

Bearing in mind that the alleged vice conditions were in the City of Bayonne, with which municipality the mayor of Jersey City has no official connection, we believe that the Prosecutor of the Pleas should have answered the following question addressed to him:

"Before you engaged the Val O'Farrell Detective Agency, did you discuss the making of the investigation of the alleged crime conditions in Bayonne, with Mr. Hague or John Malone?"

If the answer to that question is in the negative, that ends the matter. If, on the other hand, the answer is in the affirmative, then it would be some indication that Mayor Hague had concerned himself with conditions in an adjoining municipality with which municipality he had no official connection.

We are asked to make an order compelling the Prosecutor of the Pleas to give responsive answers to all questions heretofore asked and to answer all further questions which are competent, relevant and material, and to fix a time within which said answers shall be given and upon refusal to comply with such order, to adjudge the Prosecutor of the Pleas guilty of contempt of court.

As to the specific question above referred to, the motion is granted; in all other respects, denied.

The court hereby fixes one week from the date of the filing of this opinion within which the Prosecutor of the Pleas shall appear before the Commissioner and answer the question above set forth.

No costs are allowed.